# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LYNN NORWOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:09-cv-00330-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT MORENO FROM ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 10)<br><br>TWENTY-DAY OBJECTION PERIOD |

**Finding and Recommendation that Defendant Moreno be Dismissed**

**I.     Screening Requirement**

Plaintiff Gregory Lynn Norwood, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 24, 2009. On July 29, 2009, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on August 14, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## II. Plaintiff's Eighth Amendment Claims

Plaintiff, who is incarcerated at California Substance Abuse Treatment Facility and State Prison, alleges that from July 25, 2008, to November 17, 2008, and from November 18, 2008, to January 29, 2009, African American inmates, including Plaintiff, were on lock-down and were deprived of outdoor exercise, in violation of the Eighth Amendment. Plaintiff alleges that he suffered from medical problems due to the lack of outdoor exercise, that prison officials could have but failed to provide alternative exercise arrangements, and that prison officials failed to handle the situation in a way that would have minimized both the security risks that led to the lock-downs and the length of the lock-downs.

The Court finds that Plaintiff has alleged sufficient facts to state a claim for violation of the Eighth Amendment and has alleged sufficient facts linking Defendants John Doe, Clark, Allison, Wan, and Reynoso to involvement in initiating, authorizing, and/or approving the lock-downs. Fed. R. Civ. P. 8(a); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002); Richardson v. Runnels, No.

07-16736, 2010 WL 276181, at *5 (9th Cir. Jan. 26, 2010). However, Plaintiff also seeks to impose liability on Sergeant R. Moreno, who responded to Plaintiff's inmate appeal. Plaintiff alleges that by responding to the appeal, Moreno had knowledge that Plaintiff's rights were being violated.

Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. 2002). Each defendant is only liable for his own misconduct. Iqbal at 1948.

In this instance, the amended complaint is devoid of any allegations that Moreno was involved in placing the inmates on lock-down or that he possessed any authority whatsoever over the lock-down issue. Defendant Moreno's involvement was limited to reviewing Plaintiff's inmate appeal on this issue, and his consideration of Plaintiff's administrative appeal simply does not provide a basis for the imposition of liability against him for violating Plaintiff's rights under the Eighth Amendment. Iqbal at 1948; George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); also Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The Court recommends dismissal of Defendant Moreno based on Plaintiff's failure to state a claim against him. Because Plaintiff was previously given leave to amend and the deficiency at issue is not amenable to being cured through amendment, the Court does not recommend that leave to amend be granted a second time. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant R. Moreno be dismissed from this action based on Plaintiff's failure to state a claim upon which relief may be granted against him.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 18, 2010**               /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE