# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LYNN NORWOOD, | CASE NO. 1:09-cv-00330-OWW-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE DEFENDANT JOHN DOE WITH W.J. SULLIVAN AND CORRECTION |
| v. | |
| MATTHEW CATE, et al., | (Doc. 14) |
| Defendants. | |

Plaintiff Gregory Lynn Norwood, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 24, 2009. On July 29, 2009, the Court dismissed Plaintiff's Complaint, with leave to amend, for failure to state a claim. Plaintiff filed the First Amended Complaint on August 14, 2009.

The Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A, and found that it states a claim against Defendants John Doe, Clark, Allison, Wan, and Reynoso for violation of the Eighth Amendment arising from the denial of exercise for inmates from July 25, 2008, to November 17, 2008, and from November 18, 2008, to January 29, 2009.[1] Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff was directed to submit service documents and USM-285 forms as to the named Defendants, and was directed to seek leave to amend once the name of "John Doe, Regional

---

[1] The Court has recommended dismissal of Defendant Moreno based on Plaintiff's failure to state a cognizable claim for relief against him.

1

Director" was ascertained. (Doc. 12.) On March 8, 2010, Plaintiff filed a motion seeking to substitute "W.J. Sullivan" in the place and instead of Defendant John Doe. (Doc. 14.)

A plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of a "Doe" defendant is known through discovery or by other means. Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); see Swartz v. Gold Dust Casino, Inc., 91 F.R.D. 543, 547 (D. Nev. 1981). However, while the caption of Plaintiff's motion indicates the true name of Defendant John Doe is "W.J. Sullivan," the body of Plaintiff's motion twice refers to this person as "J.W. Sullivan" and never refers to this person as "W.J. Sullivan." Thus, it is unclear whether Plaintiff believes the true name of Defendant John Doe is "*W.J.* Sullivan" or "*J.W.* Sullivan." Plaintiff must clarify this contradiction such that service might ultimately be effected on the correct individual. Accordingly, Plaintiff's motion to substitute Defendant John Doe with W.J. Sullivan must be DENIED without prejudice.

In this same motion, Plaintiff appears to seek to make corrections to the allegations in his First Amended Complaint – correcting the first deprivation period to July 25, 2008 through October 25, 2008 (as opposed to July 25, 2008 through November 17, 2008) and correcting the second deprivation period to November 18, 2005 through January 29, 2009 (as opposed to November 18, 2008 through January 29, 2009).

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. Pro. 15(a). In this case, Plaintiff has already filed a First Amended Complaint. Therefore, Plaintiff may not file amend his pleading without leave of the court.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient

to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999)). In this instance, potential prejudice, bad faith, and undue delay all appear to be factors supporting denial of Plaintiff's motion to correct/amend the operative pleading.

"'Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied.'" E.E.O.C. v. Boeing, Co., 843 F.2d 1213, 1222 (9th Cir. 1988) (quoting Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982)). This action was filed February 24, 2009, and the amended complaint upon which it proceeds was filed on August 14, 2009. The adjustment/correction to the deprivation periods which Plaintiff seeks goes back approximately four years prior to the initial filing of this action. Based on the record, Plaintiff either knew or should have known the dates of the deprivation periods giving rise to his claims prior to the date he filed suit. Plaintiff tenders no explanation for the delay. The only indication given that Plaintiff is seeking leave to amend is a "Correction" notation in the caption and two sentences at the end of the motion stating the new dates for both of the deprivation periods. This is insufficient to excuse a delay measured in years.

Further, allowing Plaintiff to expand his deprivation period retroactively by four years would allow Plaintiff to include claims for which the applicable statute of limitations may have already expired – which would necessarily unfairly prejudice Defendants. Finally, Plaintiff has filed another action in this very court[2] in which he alleges his rights to outdoor exercise was violated while he was housed at another prison (California Correctional Institute) for the period of October 7, 2006 through February 3, 2007 – which falls squarely within the desired correction/amendment to the second deprivation period. Thus, it appears that the desired correction/amendment to the second deprivation period is most certainly not sought in good faith, or Plaintiff's allegations in the other action noted herein were, at best, disingenuous.

However, if Plaintiff did not intend to change the dates of the second deprivation period

---

[2] See Norwood v. Tilton, et al., United States District Court, Eastern District of California Case Number 1:08-cv-00059-AWI-SMS PC.

3

1  (intending to write November 18, *2008* through January 29, 2009 yet errantly wrote November 18, 2  *2005*) amendment to merely change a few weeks in the first deprivation period (to change July 25, 3  2008 - November 17, 2008 to July 25, 2008 - October 25, 2008) is unnecessary under the federal 4  system of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 5  8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of 6  which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); 7  Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement 8  of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a 9  statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds 10 upon which it rests." Swierkiewicz, 534 U.S. at 512. Given that the federal system is one of notice 11 pleadings, and the time frame of the first deprivation period as alleged in the First Amended 12 Complaint already encompasses the corrected/amended time frame which Plaintiff seeks to insert, 13 there is no need for Plaintiff to abbreviate his first alleged deprivation period by a mere three weeks.

14      For the foregoing reasons, to the extent that Plaintiff's motion seeks leave to file an amended 15 complaint correcting/amending the dates of the first and second deprivation periods, it must be 16 denied with prejudice.

17      Accordingly, it is HEREBY ORDERED that Plaintiff's motion to substitute Defendant John 18 Doe with W.J. Sullivan, filed March 8, 2010, is DENIED without prejudice; and to the extent that 19 same motion seeks leave to correct/amend the deprivation periods alleged in the First Amended 20 Complaint, it is DENIED with prejudice.

22 IT IS SO ORDERED.

23 **Dated:   March 17, 2010**            /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE