# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LYNN NORWOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW L. CATE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-00330-OWW-GBC (PC)<br><br>ORDER DENYING MOTION TO COMPEL<br>(Doc. 33)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL OR TO CONDUCT IN CAMERA HEARING<br>(Doc. 36) |

### I.  Procedural History

Plaintiff Gregory Lynn Norwood ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, filed on August 14, 2009, against Defendants Kenneth Clark Allison, T. P. Wan, J. Reynoso and W. J. Sullivan. (Docs. 11, 15, 17, 19, 20). Plaintiff filed a motion to compel on February 28, 2011. (Doc. 33). Defendants filed an opposition on March 16, 2011. (Doc. 34). On June, 24, 2011, Plaintiff filed a reply. (Doc. 48). On March 10, 2011, Plaintiff filed a motion to appoint counsel to assist him in this discovery matter or, alternatively, Plaintiff motions the Court for in camera review of the objected discovery. (Doc. 36).

### II.  Motion to Compel

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R.

1  Civ. P. 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest
2  extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R.
3  Civ. P. 33(b)(4). The responding party shall use common sense and reason. *E.g., Collins v. Wal-*
4  *Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A
5  responding party is not generally required to conduct extensive research in order to answer an
6  interrogatory, but a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No. S-06-
7  2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party
8  has a duty to supplement any responses if the information sought is later obtained or the response
9  provided needs correction. Fed. R. Civ. P. 26(e)(A).

10  If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his
11  motion to compel to demonstrate why the objection is not justified. In general, Plaintiff must inform
12  the Court which discovery requests are the subject of his motion to compel, and, for each disputed
13  response, inform the Court why the information sought is relevant and why Defendants' objections
14  are not justified.

15  In this instance, Plaintiff motioned to compel the production of documents and interrogatories
16  which he served on Defendants Reynoso, Wan, Allison and Clark. (Docs. 33, 34). The majority of
17  Plaintiff's interrogatories and request for documents involve interviews of other prisoners,
18  information from other prisoners such as their central file, and rules violations given to other inmates
19  in order to prove an equal protection theory that prison staff either neglected to prevent fights or
20  conspired to arrange fights between certain categories of inmates in order to only place African
21  Americans on lock down and deprive them of outdoor exercise. (Docs. 33, 34). This category
22  applies to: 1) Defendant Reynoso's interrogatories #1, #2, #3, #4, #5, #8, #13, and #14; 2) Defendant
23  Wan's interrogatories #1, #2, #7, #11, #15, #16, #17 and #18; 3) Defendant Allison's request of
24  production of documents #3, #4, #5 and #6; and 4) Defendant Clark's interrogatories #8, #10 and
25  #18. As this action is proceeding solely on a claim for Eighth Amendment violation for denial of
26  exercise, Plaintiff's interrogatories are not relevant to the claim and invade the privacy rights of other
27  prisoners. *See* Fed. R. Civ. P. 26(b)(1); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.2002);
28  *Ramirez v. Guinn*, 271 Fed.Appx. 574, 575 (9th Cir. 2008) (unpublished).

The remainder of Plaintiff's requests seek to obtain answers and documents in order to prove an equal protection theory that prison staff either neglected to prevent fights or conspired to arrange fights between certain categories of inmates in order to only place African Americans on lock down and deprive them of outdoor exercise. (Doc. 33). Plaintiff has failed to meet his burden to warrant compelling Defendants to respond further or provide further documentation as Plaintiff's interrogatories and requests for production are not relevant to the claim in this action and is not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).

### III.   Motion for Appointment of Counsel or In Camera Review

Plaintiff motions the Court for appointment of counsel or alternatively, for in camera review of the discovery requests regarding other prisoners that the Court finds to violate the privacy of other prisoners and not relevant to the claim in this action.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record

in this case, the court does not find that plaintiff cannot adequately articulate his arguments.  *Id.*

Based on the above analysis, the Court finds that Plaintiff is not entitled to appointed counsel and since Plaintiff has not prevailed in his motion to compel, Plaintiff's request for in camera review of discovery subject to the compel motion should be denied.  (Docs. 33, 36).

**IV.    Order**

As set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's first motion to compel further response to interrogatories and for production of documents, filed February 28, 2011, is DENIED; (Doc. 33) and

2. Plaintiff's motion for appointment for counsel or in camera review, filed March 10, 2011, is DENIED.  (Doc. 36).

IT IS SO ORDERED.

Dated:    August 19, 2011

UNITED STATES MAGISTRATE JUDGE