# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LYNN NORWOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW L. CATE, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:09-cv-00330-OWW-GBC (PC)<br><br>ORDER DENYING MOTION REQUESTING TO MAKE COPIES EXCEEDING THE PRISON POLICY OF 100 COPIES<br>(Doc. 44) |

Plaintiff Gregory Lynn Norwood ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, filed on August 14, 2009, against Defendants Kenneth Clark Allison, T. P. Wan, J. Reynoso and W. J. Sullivan. (Docs. 11, 15, 17, 19, 20). On June 16, 2011, Plaintiff filed a motion to order the prison to allow Plaintiff to make copies in excess of the 100 copy limit pursuant to a prison policy. (Doc. 44).

The Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1970). Moreover, the Court lacks jurisdiction to issue an order requiring the designated prison officials to make extra copies for Plaintiff. *See Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985). Therefore, the Court defers to the prison's policies and practices in limiting prisoners to 100 copies.

1   Based on the foregoing, Plaintiff's motion requesting to exceed the 100 page copy limit, is
2  HEREBY DENIED.  (Doc. 44).

4  IT IS SO ORDERED.

6  Dated:   August 19, 2011

                                       _____
                                       UNITED STATES MAGISTRATE JUDGE