# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GREGORY LYNN NORWOOD,

               Plaintiff,

   vs.

MATTHEW L. CATE, et al.,

               Defendants
_____/

CASE NO. 1:09-cv-00330-OWW-GBC

ORDER DENYING MOTION FOR RECONSIDERATION

(Doc. 65)

**I.      Procedural History**

      Plaintiff Gregory Lynn Norwood ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's first amended complaint, filed on August 14, 2009, against Defendants Kenneth Clark Allison, T. P. Wan, J. Reynoso and W. J. Sullivan.  Doc. 11; Doc. 15; Doc. 17; Doc. 19; Doc. 20.  On August 22, 2011, the Court denied Plaintiff's motion to compel and motion for in camera hearing.  Doc. 55.  On September 2, 2011, Plaintiff filed an opposition to the Court's denial of Plaintiff's discovery motions. Doc. 62.  On November 16, 2011, the Court informed Plaintiff that an opposition to an order is not a recognized avenue of relief and if Plaintiff wished to seek reconsideration, he could file a noticed motion for reconsideration.  On November 30, 2011, Plaintiff filed a motion for reconsideration of the Court's order filed on August 22, 2011.  Doc. 65.  On December 15, 2011, Defendants filed an opposition.  Doc. 66.

///

///

///

## II.    Standard Governing Motions for Reconsideration

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The Rule permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken."  *Id.*

Motions to reconsider are committed to the discretion of the trial court.  *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981); *accord  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'"  *Id*.  When filing a motion for reconsideration,  Local Rule 230(j)(3) & (4) requires a party to show the "new or different facts or circumstances are claimed to exist which did not exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."

### A.    Reconsideration of Order Denying Motion to Compel

In Plaintiff's motion for reconsideration, Plaintiff states that the Court erred in denying Plaintiff's motion to compel through finding that his requests were not relevant to the Fourteenth Amendment when, in fact, his claims are premised upon the Eighth Amendment.  Doc. 65 at 1-2.  Contrary to Plaintiff's assertions, the Court found that Plaintiff's requests were not relevant to his Eighth Amendment claim of deprivation of outdoor exercise since his discovery requests were targeted at trying to prove that staff members conspired to arrange fights between certain categories of inmates in order to only place African Americans on lock down and deprive them of outdoor exercise rather than the relevant inquiry as to how little outdoor exercise Plaintiff was able to obtain.

///

1    Plaintiff has failed to demonstrate how the Court clearly erred and thus has failed to meet his

2   burden to prevail in this Rule 60(b) motion.

3

4   **III.    Conclusion and Order**

5    Based on the foregoing, Plaintiff's motion for reconsideration filed on November 30, 2011, is

6   HEREBY DENIED.  Doc. 65.

7

8   IT IS SO ORDERED.

9

    Dated:    December 20, 2011

10                                                        UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28