# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LYNN NORWOOD<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW L. CATE, et al.,<br><br>Defendants. | Case No. 1:09-cv-00330-AWI-SAB (PC)<br><br>AMENDED SCHEDULING ORDER TO SEEK LEAVE TO FILE FURTHER DISPOSITIVE MOTIONS |

Plaintiff Gregory Lynn Norwood ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on April 16, 2009, pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Kenneth Clark, K. Allison, T.P. Wan, J. Reynoso, and W.J. Sullivan for subjecting Plaintiff to unconstitutional conditions of confinement in violation of the Eighth Amendment.

On March 18, 2013, the Magistrate Judge issued a findings and recommendations recommending granting Defendants' motion for summary judgment as to the issue of denying Plaintiff outdoor exercise. (ECF No. 84.) On May 3, 2013, the District Judge issued an order adopting the findings and recommendations in full.[1] (ECF No. 92.) The findings and

---

[1] On May 13, 2013, Plaintiff filed a notice of interlocutory appeal. (ECF No. 93.) **Error! Main Document Only.**Although the filing of a notice of appeal generally divests a district court of jurisdiction to determine the "substantial rights" at issue in an action during the pendency of the appeal, Pyrodyne Corp. v. Pyrotronics Corp., 847 F. 2d 1398, 1403 (9th Cir. 1988), an exception to this rule exists where a deficiency in the notice of appeal "is clear to the district court," Ruby v. Sec'y of the U.S. Navy, 365 F. 2d 385, 389 (9th Cir. 1966). In such a case the district court may

1

1  recommendations noted that neither party had addressed Plaintiff's remaining claim relating to
2  the Defendants' "'fail[ure] to handle the situation in a way that would have minimized both the
3  security risks that led to the lock-downs and the length of the lock-downs.'" Id. at 35 (quoting
4  F.&R. at 2, ECF No. 11).  The Court will allow the parties to seek leave from the previous
5  scheduling order to file additional dispositive motions in order to address Plaintiff's remaining
6  claim.  If motions are filed, the Court will issue an order setting further briefing deadlines for the
7  motion(s).  If no motions are filed, then the Court will issue an order setting this matter for trial
8  on the remaining issue.  Accordingly,

   IT IS HEREBY ORDERED that the parties have until **Friday, June 7, 2013** in which to file dispositive motions on Plaintiff's remaining Eighth Amendment claim.

IT IS SO ORDERED.

Dated:   **May 17, 2013**

UNITED STATES MAGISTRATE JUDGE

---

proceed with the case "knowing that it has not been deprived of jurisdiction." Ruby, 365 F.2d at 389.  Because it is "clear to the district court" that no interlocutory appeal lies from the District Court granting Defendants' motion for summary judgment on only one issue, this Court knows "that it has not been deprived of jurisdiction" over this action.  Therefore this action shall proceed in spite of the notice of appeal.

2